Redd *vs.* Dure.

---

JAMES K. REDD, plaintiff in error, *vs.* JOHN W. DURE, Ordinary, defendant in error.

The Superior Courts of this State may, by writ of *certiorari*, correct the error of an Ordinary who, in term time, on a contest with parties before him, grants letters of administration "*pendente lite.*"

*Certiorari.*   Before Judge WORRILL.   Muscogee Superior Court.   June, 1869.

Redd propounded a paper as the will of Owen Thomas, deceased, and offered to prove it in solemn form.   Sophia Hargroves, M. W. Thweatt *et al.*, as heirs-at-law, filed their *caveat.*   In this paper Redd, and another since dead, were

named as executors.  After hearing the evidence the Ordinary allowed the paper (except a clause as to emancipation of slaves,) set up as Thomas' will.  The caveators appealed to the Superior Court.  Then Redd and said Thweatt each petitioned for temporary letters of administration on said estate pending this litigation, Redd claiming it because he was named as executor in said paper, and Thweatt claiming it as heir-at-law.  Without any proof of Redd's unfitness for the office, the Ordinary granted the temporary letters to Thweatt. Redd, by *certiorari*, brought these facts before the Judge of the Superior Court and prayed a reversal of the Ordinary's decision.  When this *certiorari* was called, upon motion, the Judge dismissed it upon the ground that *certiorari* did not lie in such cases.  This is assigned as error.

INGRAM & CRAWFORD, WILLIAMS & THORNTON, RAMSEY & RAMSEY, for plaintiff in error, cited sections 5173, 5080, 236, par. 4, 3977, 2451, 2458, Irwin's Code.

H. L. BENNING, PEABODY & BRANNON, for defendant, relied on the same sections.

McCAY, J.

This was a judgment of an Ordinary, during term time, with both parties, *pro* and *con*, before him, granting temporary letters of administration.  Will a writ of *certiorari* lie? The Constitution provides that the Superior Court shall have power by writ of *certiorari* to correct the errors of inferior tribunals :  Constitution, art. 5, sec. 3, par. 2.  It is true, the Code, section 3977, provides that the writ shall not lie in cases touching the probate of wills and granting letters testamentary and of administration.  Another remedy, by way of *appeal* to the Superior Court, is provided, (Code, sec. 3553,) but this last section expressly excepts orders appointing temporary administrators.  So that, by the Code, there is no remedy directly provided, unless a judgment granting temporary letters is not "a case touching the granting letters of administration."  But the Constitution gives the Superior

Court this jurisdiction, and that Court may exercise it, notwithstanding there is no reiteration of the power in the Code.

In ordinary cases, temporary letters are granted by the Clerk or by the Ordinary as Clerk, (Code, section 377,) and perhaps no certiorari lies from the judgment of the Clerk, as' he is a mere ministerial officer, and in this acts as a matter of course. But here was a judgment by the Ordinary, during term time, on an issue with contesting parties, and we see no way to deny the right to certiorari but to deny a constitutional right.

Perhaps the true solution of the conflict is to draw a distinction between a temporary administrator proper, and an administrator pendente lite. The former is granted by the Clerk, only lasting until the next term of the Court of Ordinary, when letters are granted, and the latter is either granted by the Ordinary after a suit or contest has commenced, at term, or continued by him to last until the suit is decided. This was the old law. At any rate, we think the Constitution gives the right when the letters are granted by the Ordinary during term time, with parties contesting, and they intended to hold until the contest over the permanent letters is ended. And on this ground we reverse the judgment of the Court below. Judgment reversed.